14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Theodore "Teddy" MULLER, Defendant-Appellant.
 No. 93-2288.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 10, 1993.
Decided Jan. 6, 1994.
 
 1
 Before MANION, and KANNE, Circuit Judges, and HUBERT L. WILL, District Judge.*
 
 ORDER
 
 2
 In 1990, Muller's full time job was selling marijuana in Rock Island, Illinois. His partner in this lucrative business was Deanna Burney. In November of 1990 Muller and Burney decided to expand their line of merchandise to include LSD.
 
 
 3
 Burney called a supplier in New York and ordered the LSD. Muller then had his girlfriend Sarina Bruggeman wire $1,300 to the supplier. The $1,300 was derived from Burney's and Muller's marijuana sales. The LSD was mailed to Burney's home address. Before it arrived, Muller, Burney, Bruggeman and several others were arrested on state marijuana charges on November 30, 1990.
 
 
 4
 On December 1, the persons arrested in the drug bust were released on recognizance bonds. Burney was unable to come up with the money for a bond, so she stayed in jail.
 
 
 5
 The same day, December 1, the package of LSD arrived at the post office. Postal workers noticed that the address on the package was the same as the address of the marijuana arrests the previous day. A warrant was obtained by postal inspectors, who opened the package and found the LSD.
 
 
 6
 Police interviewed Burney in jail on December 5. She told them about the package of LSD. She also agreed to make phone calls to Muller, which would be monitored and recorded. Burney then telephoned Muller. Muller told Burney in a thinly veiled message that he intended to sell the LSD when it arrived to raise money to release her on bond. He told her that he had arranged for the sale of most of the LSD.
 
 
 7
 Muller's mother, Robin Muller, went to the Post Office to pick up the package of LSD. However, she did not ask specifically for an express mail package, so she ended up with Burney's regular mail only. Then Muller went himself, picked up the package, and was arrested.
 
 
 8
 Muller initially denied knowing what was in the package. When he was informed by the police that they knew it contained LSD he told them that the LSD belonged to an individual named Ed Nelan, and that he was picking it up as a favor to Nelan. Muller then participated in a controlled delivery to Nelan. Nelan was also arrested.
 
 
 9
 Muller made statements under oath on two occasions after his arrest; on January 28, 1993, at a change of plea hearing, and on February 3, 1993, and at his mother's jury trial. Several of these statements are inconsistent with each other. In other words, on one or both occasions Muller committed perjury. United States v. Gulley, 992 F.2d 108, 112 (7th Cir.1993). (Perjury is a false, material statement made under oath.)
 
 
 10
 On January 28, at his change of plea hearing, Muller told the court that his only involvement with the LSD conspiracy was his agreement to pick up the package of LSD at the post office, and his attempt to do so. On February 3, the story changed. At his mother's trial Muller admitted that he had met the supplier of the LSD, that he and his girlfriend had wired the money to the supplier to purchase the LSD, and that he had discussed picking up the package with Burney while she was in prison. He also admitted he had previously lied to the authorities. He conceded that when he was last under oath he had lied about the degree of his involvement with the conspiracy.
 
 
 11
 At the sentencing hearing on May 14, several witnesses testified. Their testimony in some instances contradicted Muller's version of the facts.
 
 
 12
 The district court denied Muller's request for a reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. The district court was aware of Muller's previous, inconsistent statements and had heard the testimony of witnesses who contradicted Muller's story.
 
 
 13
 Consulting the relevant rule and commentary, the district court noted that among the factors the sentencing judge should consider is whether or not the defendant "truthfully admitt[ed] the conduct comprising the offense or offenses of conviction and truthfully admitt[ed] or [did] not falsely deny[ ] any additional relevant conduct for which he is accountable." It noted further that "a defendant who falsely denies relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."
 
 
 14
 The district court found that Muller had "committed perjury under oath at his tendering of his plea and also at the trial of his mother...." It concluded that Muller's misstatements had been contradicted, both out of his own mouth and contradicted by other witnesses the district court found credible. Therefore, the district court denied him a downward adjustment on his sentencing range.
 
 
 15
 Muller now objects to the district court's refusal to grant him a reduction on his offense level for acceptance of responsibility.
 
 
 16
 Muller's appeal is meritless.
 
 
 17
 In United States v. Skinner, 986 F.2d 1091 (7th Cir.1993) we denied a similar appeal. Therein we noted that the defendant bears the burden of demonstrating that he is entitled to a reduction in offense level. Id. at 1099-1100. We noted also that the standard of review of denial of responsibility is plain error, and that the question is largely one of "credibility assessment." Id. at 1100.
 
 
 18
 Muller did not demonstrate that he is entitled to a reduction for acceptance of responsibility. To the contrary, by his own contradictory statements made under oath he demonstrated that he committed perjury. This is inconsistent with an acceptance of responsibility, as the district court correctly noted. Further, the district court made credibility assessments of other witnesses who testified at Muller's sentencing hearing. The district court believed them, not Muller, where their versions of the facts contradicted Muller's.
 
 
 19
 We will not disturb the district court's credibility assessments. Its finding of inconsistent, and therefore perjured, statements by Muller is demonstrably correct by a review of the record.
 
 
 20
 We find no error. Muller's sentence is AFFIRMED.
 
 
 
 *
 The Honorable Hubert L. Will, of the Northern District of Illinois, is sitting by designation